NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RICKY GALLOWAY,

                Plaintiff,

v.

LOUIS H. TARANTO, *et al.*,

                Defendants.

Civil Action No. 23-2527 (MAS) (DEA)

**OPINION**

**SHIPP, District Judge**

    This matter comes before the Court on the Court's *sua sponte* screening of Plaintiff Ricky Galloway's civil complaint. (ECF No. 1.) Also before the Court is Plaintiff's *in forma pauperis* application in this matter. (ECF No. 1-2.) Having reviewed the application, the Court finds that leave to proceed *in forma pauperis* is warranted in this matter, and the application is therefore granted. As the Court will grant Plaintiff *in forma pauperis* status, the Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, the Court dismisses Plaintiff's complaint in its entirety.

**I.    BACKGROUND**

    Plaintiff is a state prisoner currently confined in the Ocean County jail. (ECF No. 1 at 2.) According to the complaint, in July 2020, Defendant Taranto witnessed a 2002 Jaguar engaged in illegal activity and attempted to stop it but did not succeed. (*Id.* at 6.) He thereafter secured a search warrant, allegedly through unspecified lies made to a municipal court judge, and then

stopped Plaintiff in the car in Lakewood on August 7, 2020, ultimately resulting in Plaintiff's arrest and imprisonment. (*Id.*) Plaintiff believes this arrest was improper as it occurred in Lakewood, rather than Toms River. (*Id.*)

Plaintiff's remaining claims relate to his criminal prosecution, specifically to alleged lies Taranto made under oath during suppression hearings and before a grand jury, the denial of suppression motions by Defendant Judge Gizenski, various decisions by prosecutors who chose to seek an amended indictment and to pursue charges against Plaintiff, and Plaintiff's defense counsel's alleged failings in representing him. (*Id.* at 6-9.) Plaintiff ultimately pled guilty to the charges to "minimize the damages" he faced after his suppression motions were denied. (*Id.* at 9.) Plaintiff seeks to bring illegal search and seizure and false arrest claims against Defendant Taranto, as well as various Due Process related claims against the judge, prosecutor, and attorney defendants. (*Id.*)

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." *Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss

2

does not need detailed factual allegations." *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007). However, a plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* "Determining whether the allegations in a complaint are plausible is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (citing Fed. R. Civ. P. 8(a)(2)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

### III. <u>DISCUSSION</u>

Plaintiff seeks to raise claims under 42 U.S.C. § 1983 against Defendants, including a police officer, his criminal attorney, the judges involved in his criminal case, and the prosecutors who prosecuted him. Turning first to his assigned attorney, it has long been recognized that public defenders and criminal defense attorneys are absolutely immune from suit under § 1983 for actions

taken when acting in the scope of their professional duties as defense counsel as they do "not act under color of state law when performing a lawyer's traditional functions." *Polk County v. Dodson*, 454 U.S. 312, 318 (1981); *see also Carter v. Kane*, 717 F. App'x 105, 108 (3d Cir. 2017); *Walker v. Pennsylvania*, 580 F. App'x 75, 78 (3d Cir. 2014). Thus, as Plaintiff's claims against Defendant Paul Zager derive from alleged errors made in performing a lawyer's traditional functions, he is immune from suit under § 1983 for these claims. Plaintiff's claims against Zager are therefore dismissed with prejudice.

Plaintiff next seeks to raise claims against judges who oversaw portions of his criminal case based on their alleged failure to properly oversee and rule in those proceedings. State court judges, however, are absolutely immune from suit under § 1983 for actions taken in a judicial capacity, and may therefore be subject to liability only when they act "in the clear absence of jurisdiction." *See, e.g., Kwasnik v. Leblon*, 228 F. App'x 238, 243 (3d Cir. 2007); *see also Mireles v. Waco*, 502 U.S. 9, 12 (1991). As Plaintiff complains only about the judges' actions in his criminal proceedings, and as he has pled no fact suggesting actions taken in the absence of jurisdiction or a judicial capacity, Plaintiff's claims against Judges Gizenski and Ryan must also be dismissed with prejudice.

Plaintiff also wishes to raise claims against Prosecutors Moscato, Carr, and O'Neill for decisions they made in prosecuting him. State prosecutors, however, are also immune from suit in federal civil rights matters for actions taken in connection with their role in initiating and pursuing criminal prosecutions. *See Imbler v. Pachtman*, 424 U.S. 409, 410 (1976); *see also LeBlanc v. Stedman*, 483 F. App'x 666, 669 (3d Cir. 2012). As Plaintiff's claims against the three prosecutors directly relate to their actions in prosecuting Plaintiff—specifically seeking and filing an amended indictment, and pursuing charges against him—the three prosecutor Defendants are

4

immune from suit in this matter. Plaintiff's claims against them must also be dismissed with prejudice.

Plaintiff's remaining claims are all targeted at Defendant Taranto, the officer who arrested him. Plaintiff's chief claims against Taranto are false arrest and illegal search and seizure claims arising out of Plaintiff's August 2020 arrest and the search of his home and car. Federal civil rights claims arising out of the state of New Jersey, however, are subject to New Jersey's two-year personal injury statute of limitations. *See, e.g., Patyrak v. Apgar*, 511 F. App'x 193, 195 (3d Cir. 2013). Here, Plaintiff's claims accrued at the time the search and allegedly improper arrest occurred in August 2020. *See, e.g., Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009) (§ 1983 claim accrues when a reasonable person in plaintiff's position would have been aware of his injury). Thus, absent some basis for tolling, Plaintiff's claims against Taranto related to the searches and arrest would be time barred as he did not file this matter until May 2023, two years and nine months after his claims accrued and thus more than nine months after the limitations period had expired. As this Court perceives no basis for tolling from the complaint,[1] Plaintiff's false arrest and illegal search claims appear to be time barred, and will be dismissed without prejudice as such. Because Plaintiff did not have a full opportunity to address the tolling issue, however, Plaintiff will be granted leave to file an amended complaint setting forth any basis for tolling he may have within thirty days.

Plaintiff's remaining allegations against Taranto all relate to Taranto allegedly perjuring himself during criminal proceedings as to the location of Plaintiff's arrest. (*See* ECF No. 1 at 6.) That a witness lies under oath, however, does not amount to a violation of Due Process. Due

---

[1] Plaintiff does briefly mention that, at some unspecified time between 2020 and 2023 he "was sicken[ed] with the corona virus," but he does not set forth any facts as to when he became ill, how long he was ill, or how his illness prevented him from timely filing his complaint. In the absence of such facts, this Court cannot find that Plaintiff's unspecified period of illness warrants tolling.

Process is instead only violated where the prosecuting authority knew or should have known about the perjured testimony, permitted it to go uncorrected, and the perjured testimony could have affected a verdict at trial. *See, e.g., Lambert v. Blackwell*, 387 F.3d 210, 242 (3d Cir. 2004). To pursue a claim against Taranto related to alleged perjury, then, Plaintiff would have to show that the perjured testimony had the capacity to affect the outcome of his criminal proceedings, and was knowingly used against him. If Plaintiff could successfully make out such a claim, his success on that claim would imply the invalidity of Plaintiff's guilty plea and resulting conviction. A civil rights plaintiff, however, may not pursue a claim which would imply the invalidity of his conviction unless and until his conviction[2] is overturned through state court proceedings or a habeas petition. *See Wilkinson v. Dotson*, 544 U.S. 74, 78-82 (2005); *Heck v. Humphrey*, 512 U.S. 477, 481 (1994). Plaintiff's perjury related claims are thus barred unless and until he has his guilty plea and conviction overturned. Plaintiff's perjury related claims, to the extent they have any merit, must be dismissed without prejudice as a result.

---

[2] Although it is clear that Plaintiff pled guilty, it is not clear if he has yet been sentenced. To the extent Plaintiff was not yet sentenced and thus does not yet have a judgment of conviction, the Court would still be precluded from deciding any claim which would require the Court to interfere in Plaintiff's ongoing criminal proceedings pursuant to the *Younger* abstention doctrine. *See ACRA Turf Club, LLC v. Zanzuccki*, 748 F.3d 127, 138 (3d Cir. 2014); *see also Younger v. Harris*, 401 U.S. 37 (1971); *PDX N., Inc. v. Comm'r N.J. Dep't of Labor & Workforce Dev.*, 978 F.3d 871, 882 (3d Cir. 2020); *Duran v. Weeks*, 399 F. App'x 756, 758-59 (3d Cir. 2010). Thus, to the extent Plaintiff has yet to be sentenced, the Court must still abstain from hearing his suborned perjury related claims unless and until his criminal proceedings conclude and his conviction is either dismissed or overturned.

IV. **CONCLUSION**

For the reasons expressed above, Plaintiff's *in forma pauperis* application (ECF No. 1-2) is **GRANTED** and his complaint (ECF No. 1) is **DISMISSED** in its entirety. An order consistent with this Opinion will be entered.

_____<br>
MICHAEL A. SHIPP<br>
UNITED STATES DISTRICT JUDGE